AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

United States of America )
v. )
Kevin Scott Gordon (YOB 1957) ) Case No.
) 16 mj 887
Defendant(s) )

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
MAR 09 2016
MATTHEW J. DYKMAN
CLERK

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 15, 2015__ in the county of __Bernalillo__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 2250 | Failure to Register under the Sex Offender Registration and Notification Act |

This criminal complaint is based on these facts:

Kevin Scott Gordon, an individual required to register under the Sex Offender Registration and Notification Act, Knowing Failied to register as a Sex Offender.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Christopher Roberson, Deputy U.S. Marshal
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3-9-16

_____
*Judge's signature*

City and state: Albuquerque, New Mexico     Kirtan Khalsa, U.S. Magistrate Judge
*Printed name and title*

I, Deputy Christopher M. Roberson, being duly sworn, depose and state that:

1. I am a Deputy United States Marshal assigned to the District of New Mexico, Albuquerque South West Investigative Fugitive Task Force. I have been employed with the U.S. Marshal Service since 2010. I have completed the Basic Deputy U.S. Marshal training Academy as well as a Criminal Investigative Training Academy at the Federal Law Enforcement Training Center in Glynco, Georgia. As a Deputy with the U.S. Marshal Service, my assignment is the apprehension of federal and state felony fugitives, including unregistered sex offenders. I am authorized under 28 U.S.C. 564 to enforce law of the United States, including the provisions of 42 U.S.C. 16901 et seq., the Sex Offender Registration and Notification Act (SORNA), and 18 U.S.C. 2250, Failure to Register.

2. I make this affidavit in support of the criminal complaint charging Kevin Scott Gordon with a violation of 42 U.S.C. 16913(c) and 18 U.S.C. 2250 in that he knowingly Failed to update his Sex Offender Registration. The information contained herein was investigated by the affiant or submitted by other law enforcement personnel. The Affidavit is being submitted for the limited purpose of securing a criminal complaint; I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe is necessary to establish probable cause to demonstrate that Title 18 U.S.C. 2250 and 42 U.S.C. 16913(c) have been violated.

3. On August 31, 1982, Gordon was arrested in the State of Indiana, by the Evansville Police Department. On May 5, 1983, having been found guilty by a jury to Count 1: Rape, a class B felony; Count 2: Sexual Deviate Conduct, a Class B felony; Count 3, Sexual Deviate Conduct, a Class B felony; Count 4, Robbery, a Class C felony, and Count 5, Confinement, a Class D felony, the Indiana Court sentenced Gordon on Count 1 to fifteen years, Count 2 to fifteen years, Count 3 to fifteen years, Count 4 to five years, and Count 5 to two years. Counts 1, 2, and 3 were ordered to run concurrent to each other. Counts 4 and 5 were to run consecutively to Counts 1, 2, and 3. The total term of confinement ordered by the Court was 22 years.

4. Also in 1983, Gordon escaped from the Indiana State Reformatory. Gordon was on the run for seven years until he was apprehended in the State of New York. On June 30, 1990, Gordon using an alias, Michael Estlinbaum, was arrested for Driving While Intoxicated.

5. Gordon was returned to the State of Indiana, Department of Corrections, after apprehended in New York. Related to the above Sex Offense conviction, Gordon remained in the Indiana Department of Corrections until his release on May 22, 2006. On May 22, 2007, Gordon was discharged from parole.

6. On December 4, 2007, according to the National Crime Information Center (NCIC), Gordon was arrested by the Denver Police Department, State of Colorado. Gordon was charged with "Sex Offender Registration." The NCIC record reflects a pattern of non-compliance with registration requirements with repeated arrests for Failure to Register and/or Failure to Appear.

7. On July 22, 2014, Gordon signed the Sex Offender Registration Form provided to him by the Denver Police Department, State of Colorado. This form states, "I understand my responsibilities to:

      a) Register within five (5) business days of your next registration due date, which is 10/13/2014.

      b) Register with the Denver Police Department within five (5) business days of any change in your address, or register within five (5) business days with the local law enforcement agency where you reside if your new residence is not in the City & County of Denver.

      c) If you change residence to another state, you must de-register with the Denver Police Department before leaving the State of Colorado. You must contact the local law enforcement agency in the new state where you will reside within five (5) business days to register as a Sex Offender, or sooner if required to do so in the new state."

Gordon acknowledged these three requirements by placing his initials after the third instruction, and by signing the form at the bottom next to: Offender Signature.

8.     On October 22, 2014, the State of Colorado issued an Arrest Warrant for Gordon alleging "he has failed to register any change of address with the Denver Police Department, nor is he currently registered as a Sex Offender with any other law enforcement agency, according to NCIC and CCIC records." The affidavit in support of this Arrest Warrant states Gordon has one previous conviction for Failure to Register as a Sex Offender in the Denver District on August 31, 2009. The Warrant issued by the State of Colorado is non-extraditable.

9.     On February 22, 2016, the United States Marshal Service was contacted by the Bernalillo County Sheriff Office (BCSO) regarding Gordon. On March 7, 2016, the BCSO provided an incident report dated February 8, 2016. This incident report shows the reporting party claimed Gordon had been residing at 415 Shulte Road NW, Albuquerque, New Mexico. It should be noted, as of the date on this incident report, the reporting party had asked Gordon to leave the residence and was no longer welcome at that time to reside there. The United States Marshal Service, subsequently checked available databases and observed on May 15, 2015, Gordon obtained a New Mexico Identification card. Gordon provided his residence as 1201 3rd Street NW, Albuquerque, New Mexico. Based on records provided by law enforcement in the State of Colorado, and the residence listed on the New Mexico Identification card, Gordon is believed to be most likely homeless or transient and within the Bernalillo County, New Mexico.

10.     On March 7, 2016, Deputy U.S. Marshal Roberson conducted checks through the Department of Public Safety Sex Offender Registry websites for the States of New Mexico. Gordon is not listed as a registered Sex Offender in the State of New Mexico. DUSM Roberson reviewed the NCIC, Sex Offender query. Gordon has only been registered as a Sex Offender in the State of Colorado. Gordon has no entries in the NCIC by any agency in the State of New Mexico.

11.     On March 7, 2016, Deputy U.S. Marshal Roberson contacted the New Mexico Department of Public Safety, Sex Offender Registration Program Manager. DUSM Roberson requested assistance in determining the possible requirements of Gordon to register as a Sex Offender in the State of New Mexico. DUSM Roberson was advised by the DPS, SOR Program Manager, Gordon would be required to

register every 90 days for lifetime, based on his 1983 conviction and based on the date Gordon discharged his sentence.

12. As of March 7, 2016, the affiant alleges Gordon knowingly failed to comply with the rules and guideline required by 42 U.S.C. 16901 et seq., the Sex Offender Registration and Notification Act (SORNA), and 18 U.S.C. 2250, Failure to Register. On or about May 15, 2015, Gordon traveled from the State of Colorado to the State of New Mexico. Gordon failed to comply with notifying the County of any change of residence that is in the State of Colorado or State of New Mexico. On May 5, 1983, Gordon having been convicted of Rape, Sexual Deviate Conduct, Robbery, and Confinement, in the State of Indiana, Vanderburgh Circuit Court, is required to register as a Sex Offender. Gordon is required to register under the 2005 New Mexico SORNA law, requiring him to register every 90 days for life.

13. WHEREFORE, it is respectfully submitted that probable cause exists to believe that Kevin Scott Gordon did commit an offense in violation of Title 42 U.S.C. § 16913 and 18 U.S.C. § 2250; having been convicted of Rape, Sexual Deviate Conduct in the State of Indiana, and knowingly failed to register as a sex offender in the State of New Mexico.

Christopher Roberson

Deputy U.S. Marshal

Sworn to and Subscribed before me this 9 day of March, 2016.

United States Magistrate Judge